**EDWARD F. WESTFIELD, P.C.**
EDWARD F. WESTFIELD, ESQ . (NYS BAR NO. 1718287)
6218 RIVERDALE AVENUE
RIVERDALE, NY 10471
T: (718) 601-1100
F: (212) 601-1200
E: EFW@EFWPC.COM

–AND–

**Hyderally & Associates, P.C.**
TY HYDERALLY, ESQ. (NJSBA 85013)
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
E: TYH@EMPLOYMENTLIT.COM

Attorneys for Plaintiff: Ana Garcia

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ANA GARCIA,**<br><br>**PLAINTIFF,**<br><br>**VS.**<br><br>**ORANGE COUNTY DENTAL SERVICES, FRANCO PERLA, JOHN DOES 1-10, AND XYZ CORP. 1-10,**<br><br>**DEFENDANTS.** | **CIVIL ACTION No:**<br>**( )**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Ana Garcia ("Garcia" or "Plaintiff"), who resides at 34 Horseshoe Way, Middletown, NY 10940, by way of this Complaint against Defendants Orange County Dental Services ("County Dental"), Franco Perla ("Perla"), John Does 1-10, and XYZ Corp. 1-10, (hereinafter collectively "Defendants") hereby says:

## I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for: (1) The Americans with Disabilities Act of 1990 ("ADA"), United States (Pub.L. 101-336, 104 Stat. 327, enacted 1990-07-26), codified at 42 U.S.C. § 12101 et seq. (disability discrimination); (2) The Americans with Disabilities Act of 1990 ("ADA"), United States (Pub.L. 101-336, 104 Stat. 327, enacted 1990-07-26), codified at 42 U.S.C. § 12101 et seq. (retaliation); (3) a violation of the New York State Human Rights Law and Civil Rights Law (disability discrimination/harassment); (4) a violation of the New York State Human Rights Law and Civil Rights Law (pregnancy discrimination/harassment); (5) a violation of the New York State Human Rights Law and Civil Rights Law (retaliation); (6) a violation of the Pregnancy Discrimination Act of 1978 ("PDA") (Disparate Treatment); (7) a violation of the Pregnancy Discrimination Act of 1978 (Retaliation); (8) a violation of the Pregnancy Discrimination Act of 1978 (Harassment); and (9) defamation.

2. Jurisdiction is asserted under 28 U.S.C. § 1331 in so far as plaintiff's Complaint asserts claims under 42 U.S.C. § 2000e-2(a). Supplemental jurisdiction is asserted over plaintiff's state law claims under 28 U.S.C. § 1367.

3. Venue is appropriate in that the illegal and improper acts which are the basis for the within asserted causes of action occurred in the Southern District of New York, and the defendants in this matter are the entities or organizations in the State of New York and employee residents who are New York residents acting in their individual and official capacities under color of New York law.

## II. Parties

4. Plaintiff worked as a Patient Care Coordinator in County Dental's Middletown office, located at 495 Schutt Rd. Extension, Suite 3, Middletown, NY 10940.

5. County Dental employed Plaintiff to perform work related duties in the State of New York.

6. County Dental provides dental health services to patients through several clinics located throughout the State of New York.

7. During the relevant time period, Perla was the office manager of Defendants' Middletown office.

8. Additionally, Perla was a senior management level employee who controlled plaintiff's workplace and supervised plaintiff and (1) aided the employer in performing a wrongful act that caused an injury; (2) was generally aware of his role as part of an illegal or tortious activity at the time he provided assistance; and (3) knowingly and substantially assisted the employer in the principal violation of the statutes referenced herein.

9. During the relevant time period, JOHN DOES 1-10 are currently unknown employees who were either senior management level employees who controlled Plaintiffs' workplace, and supervised plaintiffs and aided and/or abetted in the commission of conduct complained of herein and/or who either acted within the scope of their employment at the workplace during working hours, or, to the extent they went beyond the scope of their employment, defendants ratified, embraced and added to his conduct. As the parties engage in discovery, plaintiff retains the right to amend the Complaint to add these individual employees by name.

10. During the relevant time period, XYZ Corp. 1-10 are unknown affiliated corporations or entities or other corporations who have liability for the claims set forth herein. As the parties engage in discovery, plaintiff retains the right to amend the Complaint to add these individual entities by name.

11. Thus, all defendants are subject to suit under the statutes alleged above.

12. At all times referred to in this Complaint, employees of the corporate defendants, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, to the extent that they were not so acting, the corporate defendants ratified, embraced and added to their conduct.

## III. Factual Allegations

13. Garcia started working for Defendants as a patient care coordinator in April 2012, earning $13.75 an hour.

14. Her job duties included answering phones, making and confirming appointments, taking payments from patients, translating for Spanish-speaking patients, filing, and handling medical records.

15. Garcia excelled in her work with Defendants for two years and left amicably on February 7, 2014 to attend college.

16. She returned to work for Defendants on March 11, 2015, earning $14.00 an hour.

17. Garcia performed her duties satisfactorily and never received any disciplinary action, either verbally or in writing, until she informed her supervisor, Perla, that she was pregnant.

18. On April 6, 2015, Garcia discovered that she was pregnant.

19. The next day, she informed Perla about her pregnancy.

20. Perla was clearly displeased to learn that his new hire was pregnant.

21. Garcia noticed a radical change in Perla's interaction with her that went from a previously pleasant interaction to an unpleasant work environment.

22. A few weeks later, Perla falsely accused Garcia of not answering the phones.

23. When Garcia respectfully responded that she did answer the phones, Perla immediately fabricated a write up and gave Garcia a "Final Written Warning" for "disrespect toward manager" on April 23, 2015. (Exhibit "1").

24. The write up was clearly retaliatory for Garcia notifying Defendants that she was pregnant as she engaged in no conduct that warranted discipline. Further, despite the fact that she had never previously been disciplined, Perla checked that it was a "Final Written Warning."

25. A few weeks thereafter, Perla hired Brittany Diggs ("Diggs") and made Garcia train Diggs on Garcia's work duties.

26. During the training sessions, the three other front desk employees, Maria Estevez ("Estevez"), Jacqueline Kelly ("Kelly"), and Elaine Capizzi, left, at the same time, for lunch.

27. Normally, the front desk employees took their lunches in a staggered fashion so that employees could plan their lunch breaks.

28. Garcia asked Perla if he could create a lunch schedule so that she could plan her breaks as she had to eat regularly due to her pregnancy.

29. Perla looked at Garcia with disdain and stated, words to the effect, "don't use your pregnancy as if it were a sickness."

30. After this interaction, Estevez and Kelly started mocking Garcia for eating "too much because she was pregnant" in front of Diggs. (Exhibit "2").

31. Garcia complained to Perla, but no curative action was taken.

32. On June 11, 2015, Perla called Diggs into his office and disparaged and defamed Garcia by stating that Garcia was never at her work station and would only answer the phone if he was in the office.

33. Such statements were clearly false and defamatory as Perla saw that Garcia was at her work station and Garcia did answer the telephone.

34. Diggs shared the above and further shared that Estevez and Kelly constantly gossiped about Garcia and made fun of Garcia because of Garcia's pregnancy and how much Garcia had to eat.

35. Defendants took no remedial or curative action and failed to investigate Diggs' statements.

36. On June 12, 2015, Garcia witnessed Kelly treating Diggs in an inappropriate fashion while Diggs was trying to scan some documents.

37. Diggs was so upset that Garcia brought the situation to Perla's attention.

38. Perla called the employees into his office and advised them, words to the effect: "I'm tired of this, let's fix it here and now before HR hears about it and gets involved, because if they do, it's not going to be good."

39. Garcia shared that it upset her to be targeted because of her pregnancy and the mocking for eating too much and spending too much time in the bathroom due to her pregnancy.

40. Kelly interrupted Garcia, screaming in Garcia's face.

41. Diggs tried to intercede that Garcia needed time to eat because she was pregnant, but Kelly interrupted her, screaming words to the effect: "Who do you think you are? You are irrelevant. Why are you getting involved in this?"

42. Perla merely stopped the meeting and stated, words to the effect: "Everybody pick up and go home. Go outside to the parking lot and fix this. Think about it over the weekend and handle it yourselves."

43. Garcia returned to Perla's office to try to speak to him. However, Perla advised her that he did not have time for her.

44. Diggs then returned to Perla's office to speak to him. Perla spoke to Diggs who shared with him that she was uncomfortable working there because of the treatment of Garcia due to her pregnancy.

45. Perla merely told Diggs to spend the weekend thinking about it.

46. On Monday June 15, 2015, Perla summoned Garcia into his office.

47. Perla had Director of Administration, Daniel Capone ("Capone") on Skype.

48. Perla handed Garcia a defamatory termination letter and Capone advised her that she was terminated and that she was to return all office property to Perla who would escort her out of the building.

49. The false termination letter stated that Garcia had been fired because "she displayed a bad attitude and arrogance, this time towards her colleagues[.] . . . As per the last final written warning we will not tolerate such behavior." (Exhibit "3").

50. Perla then met with Diggs and stated, words to the effect: "Your view of the office is tainted because of that girl. She tried to use her pregnancy as a handicap and as a crutch. She tried to get one over me by not telling me she was pregnant when she was rehired. She was always in the back closet eating. There were a lot of issues with that girl. Who knows if she was going to come back after the baby? So where does that leave me?" (Exhibit "2").

51. Perla further admitted that his termination letter was defamatory and noted that he intended to use it to fight Garcia from getting unemployment benefits.

52. Garcia filed for unemployment benefits which were denied.

53. Further, Defendants' termination caused severe trauma to Garcia which resulted in emotional and physical harm to her.

54. Garcia faced an eviction proceeding, her car was repossessed, and she has dealt with significant other financial crises due to Defendants' actions.

55. Further, Garcia has sought regular treatment with a psychologist due to Defendants' actions.

56. Thus, on the date of termination, June 15, 2015, Garcia's salary was $14.00 per hour, paid company holidays, paid vacations, paid maternity leave, paid sick leave, short term and long term disability, and other benefits if she had not been illegally terminated.

57. These benefits of employment and allegations of damages make up Garcia's claim for damages.

## **Count I**

**(The Americans with Disabilities Act of 1990 ("ADA")**
**United States (Pub.L. 101-336, 104 Stat. 327, enacted 1990-07-26)**
**codified at 42U.S.C. § 12101 et seq.)**
**(Disability Discrimination)**

58. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

59. The foregoing facts and circumstances demonstrate that Defendants have violated the ADA, by engaging in disability discrimination and/or failing to accommodate Plaintiff and/or retaliating against Plaintiff for engaging in protected activity.

60. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

61. Furthermore, plaintiff has been required to retain an attorney to assist Plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

## Count II

**(The Americans with Disabilities Act of 1990 ("ADA")**
**United States (Pub.L. 101-336, 104 Stat. 327, enacted 1990-07-26)**
**codified at 42U.S.C. § 12101 et seq.)**
**(Retaliation)**

62. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

63. The foregoing facts and circumstances demonstrate that defendant has violated the ADA, by engaging in acts of reprisal and/or retaliation because Plaintiff asserted Plaintiff's rights under the ADA and/or complained of disability discrimination/harassment or being subjected to a failure to accommodate.

64. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

65. Furthermore, plaintiff has been required to retain an attorney to assist Plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

**Count III**
**(New York State Human Rights Law and Civil Rights Law**
**(Disability Discrimination/Harassment)**

66. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

67. The foregoing facts and circumstances demonstrate that Defendants have violated the New York State Human Rights Law and Civil Rights Law by discriminating and harassing Plaintiff due to Plaintiff's medical condition/disability/handicap and retaliating against Plaintiff for complaining about such discrimination and harassment.

68. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

69. Further, plaintiff has been required to retain an attorney to assist plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

**Count IV**
**(New York State Human Rights Law and Civil Rights Law)**
**(Pregnancy Discrimination/Harassment)**

70. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

71. The foregoing facts and circumstances demonstrate that defendants have violated the New York State Human Rights Law and Civil Rights Law by discriminating and harassing Plaintiff due to Plaintiff's pregnancy and retaliating against Plaintiff for complaining about such discrimination and harassment.

72. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical

injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

73. Further, plaintiff has been required to retain an attorney to assist plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

**Count V**

**(New York State Human Rights Law and Civil Rights Law**
**(Retaliation)**

74. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

75. The foregoing facts and circumstances demonstrate that defendants have violated the New York State Human Rights Law and Civil Rights Law by retaliating against Plaintiff for requesting accommodation due to Plaintiff's pregnancy, medical condition, for suffering from a medical condition, and/or for complaining of discriminatory and/or harassing treatment.

76. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

77. Further, plaintiff has been required to retain an attorney to assist plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

**Count VI**
**(Pregnancy Discrimination Act of 1978)**
**(Disparate Treatment)**

78. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

79. The foregoing facts and circumstances demonstrate that Defendants have violated the Pregnancy Discrimination Act of 1978 by subjecting her to disparate treatment because of her pregnancy.

80. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

81. Furthermore, plaintiff has been required to retain an attorney to assist Plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

**Count VII**
**(Pregnancy Discrimination Act of 1978)**
**(Retaliation)**

82. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

83. The foregoing facts and circumstances demonstrate that Defendants have violated the Pregnancy Discrimination Act of 1978 by retaliating against her for requesting an accommodation.

84. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

85. Furthermore, plaintiff has been required to retain an attorney to assist Plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

**Count VIII**
**(Pregnancy Discrimination Act of 1978)**
**(Harassment)**

86. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

87. The foregoing facts and circumstances demonstrate that Defendants have violated the Pregnancy Discrimination Act of 1978 by subjecting her to harassing conduct that was so frequent and severe that it created a hostile and/or offensive work environment.

88. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

89. Furthermore, plaintiff has been required to retain an attorney to assist Plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

**Count IX**
**(Defamation as to Perla)**

90. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

91. The actions complained of herein reflect that Perla engaged in acts of defamation as to Plaintiff as specifically referenced in the above Complaint.

92. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

93. Furthermore, plaintiff has been required to retain an attorney to assist Plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

**WHEREFORE**, as to each and every count, Plaintiff demands judgment on each and all of these Counts against defendants, jointly and severally, as follows:

A. Compensatory damages;

B. Damages for lost wages and benefits, back pay, front pay (or reinstatement);

C. Damages for humiliation, mental and emotional distress;

D. Statutory damages, if applicable;

E. Punitive damages and or liquidated damages where permitted by law;

F. Attorneys' fees and costs of suit;

G. Lawful interest - including pre-judgment interest on lost wages;

H. Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

I. Such other, further and different relief as the Court deems fitting, just and proper.

Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the defendants, witnesses, experts, and others in the course of discovery in this matter.

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

**DESIGNATION OF TRIAL COUNSEL**

TY HYDERALLY is hereby designated as trial counsel on behalf of plaintiff.

**CERTIFICATION OF NO OTHER ACTIONS OR PARTIES**

I hereby certify that there are no other parties known to me at this time who should be joined as parties to this action.

**DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS**

Demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (A) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

DATED: August 9, 2016

**HYDERALLY & ASSOCIATES, P.C.**
***Attorneys for Plaintiff***

**By:** ______________________
**TY HYDERALLY, Esq.**
**For the Firm**

**Edward F. Westfield, P.C.**
***Attorneys for Plaintiff***

**By:** ***/s/ Edward F. Westfield***
**EDWARD F. WESTFIELD, Esq.**
**For the Firm**

T:\1Law Offices of Ty Hyderally\Garcia Ana\Pleadings\111115.COM.doc